UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEANNA PARKER,
    Reg. No. 23087-021

    Petitioner,

v.                                                   Case No.  4:21-cv-494/MW/ZCB

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Deanna Parker was convicted in the U.S. District Court for the Southern District of Georgia on a charge of possessing methamphetamine with the intent to distribute.  (Doc. 1 at 2).  She is currently incarcerated at the Federal Correctional Institution in Tallahassee, Florida (FCI).  (*Id*. at 1).  Petitioner has filed a *habeas corpus* petition under 28 U.S.C. § 2241, alleging that she has not received credit for time served in "federal holding."  (*Id*. at 3).  Respondent[1] has moved to

---

[1] The Court notes that Petitioner has incorrectly named the United States as the Respondent.  She should have named the warden of FCI Tallahassee.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2005) (explaining that in habeas cases "the default rule is that the proper respondent is the warden of the facility where the prisoner is being housed"); *see also Walter v. Bauknecht*, 155 F. App'x 463, 464 (11th Cir. 2005) (recognizing that "the proper respondent to a § 2241 habeas corpus petition is the custodian of the prisoner").  Because the petition is subject to dismissal on other grounds, the Court need not decide whether Petitioner's error in naming the correct respondent is alone sufficient to justify dismissal.

1

dismiss the petition for failure to exhaust administrative remedies. (Doc. 12 at 5). Respondent has also argued that Petitioner's claim lacks merit because the BOP properly computed her federal sentence. (*Id*. at 9-12). Petitioner has not responded to Respondent's motion. For the reasons below, the undersigned recommends granting Respondent's motion.

## I.    Discussion

**A. Petitioner has not exhausted administrative remedies.**

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; instead, it is a defense that a respondent may choose to assert. *Id.* Requiring a prisoner to exhaust administrative remedies "allows the agency to develop the necessary factual background upon which decisions should be based and giv[es] the agency a chance to discover and correct its own errors." *Green v. Sec'y for Dep't of Corrections*, 212 F. App'x 869, 871 (11th Cir. 2006) (cleaned up). To properly exhaust administrative remedies, "a petitioner must comply with an agency's deadlines and procedural rules." *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016).

The Federal Bureau of Prisons (BOP)—by way of delegation from the Attorney General—has the authority to compute sentence credits. *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995). Thus, an inmate "must typically exhaust

his or her administrative remedies with the BOP" before filing a § 2241 petition involving the computation of sentence credits. *Id*. To that end, the BOP has an administrative remedy procedure that allows an inmate to raise issues related to any aspect of imprisonment. 28 C.F.R. § 542.10 *et seq*. An inmate seeking to challenge the computation of sentence credits must avail herself of the BOP's administrative remedy procedure before filing a § 2241 petition. *See Jaimes v. United States*, 168 F. App'x 356, 358-59 (11th Cir. 2006) (affirming dismissal of § 2241 petition for failure to exhaust because inmate sought to challenge the computation of sentence credits without first going through the BOP's administrative remedy procedure); *see also Rey v. Warden-FCC Coleman-Low*, 359 F. App'x 88, 91 (11th Cir. 2009) (affirming denial of § 2241 challenging the BOP's calculation of credit for time served because the petitioner failed to exhaust administrative remedies).

The BOP administrative remedy procedure has three steps. First, the inmate must file a grievance (a "BP-9") with the warden of the facility. *Forde v. Miami Fed. Dep't of Corrections*, 730 F. App'x 794, 798 (11th Cir. 2018) (citing Federal Bureau of Prisons Inmate Admission & Orientation Handbook at 41; 28 C.F.R. § 542.14(a)-542.15(a)). The BP-9 must be filed within twenty days of the incident leading to the grievance. *Id*. Second, if the inmate disagrees with the warden's response to the BP-9, then the inmate may appeal (a "BP-10") to the Regional Director. *Id*. The BP-10 must be filed within twenty days of the warden's response to the BP-9. *Id*.

Finally, if the inmate is unhappy with the Regional Director's response, then the inmate may appeal (a "BP-11") to the BOP General Counsel. *Id*. The BP-11 must be filed within thirty days of the Regional Director's response to the BP-10. *Id*. To fully exhaust, an inmate must complete the BOP administrative remedy process. *See Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (explaining that to properly exhaust, a prisoner must "take each step within the administrative process") (internal quotations omitted). The BOP uses a computerized system known as SENTRY to log and track inmate grievances as they progress through the administrative remedy process. (Doc. 12-1 at 1).

Respondent in this case has asserted the defense of exhaustion, arguing that Petitioner failed to avail herself of BOP's administrative remedy procedure. (Doc. 12 at 5). In support of its position, Respondent has submitted the sworn declaration of Michele Bryant, the Secretary to the Warden of FCI Tallahassee. (Doc. 12-1). Ms. Bryant's declaration states that the SENTRY database shows Petitioner has filed no administrative remedy requests relating to the computation of her sentence. (*Id*. at 2). As noted above, Petitioner has not responded to Respondent's motion to dismiss. Petitioner did, however, attach to her petition a letter dated January 24, 2021. (Doc. 1 at 7). The letter is titled to "whom it may concern," and it was sent to the "Designation and Sentence Computation Center." (*Id*. at 7-8). Petitioner received a response from a BOP representative stating that she was not entitled to

4

credit for the time she spent in federal custody on a writ from state custody. (*Id*. at 9). Petitioner responded by sending another letter to the "Designation and Sentence Computation Center." (*Id*. at 10). Petitioner has not provided the Court with any BOP response to the second letter.[2]

Although it appears Petitioner informally raised the calculation of her time served credits with someone at BOP, there is no evidence showing that she fully completed (or even properly initiated) the BOP administrative remedy procedure. According to Ms. Bryant's sworn declaration, a review of the SENTRY database revealed that Petitioner "has not submitted any administrative remedies regarding the computation of her sentence." (Doc. 12-1 at 2). There is no evidence that Petitioner ever submitted a BP-9 to the warden, a BP-10 the Regional Director, or a BP-11 to the General Counsel regarding the computation of her credit for time served. Because the exhaustion doctrine requires an inmate to complete the BOP administrative remedy procedure before filing a § 2241 petition, and Petitioner failed to do so, dismissal is warranted. *See Martin v. Zenk*, 244 F. App'x 974 (11th Cir.

---

[2] Plaintiff previously sought to challenge how the BOP calculated her time served credits in a § 2255 petition filed in the Southern District of Georgia. (*See* Doc. 747, *United States v. Deanna Parker*, No. 4:19-CR-66, S.D. Ga.). Respondent argued there that her claim was not exhausted, and it should have been filed as a § 2241 in the district of confinement. (Doc. 748, *United States v. Deanna Parker*, No. 4:19-CR-66, S.D. Ga.). The Southern District of Georgia ultimately dismissed her § 2255 after she failed to file a response as ordered by the court. (Doc. 769, *United States v. Deanna Parker*, No. 4:19-CR-66, S.D. Ga.).

2006) (affirming dismissal of § 2241 challenge because the petitioner failed to complete the BOP administrative remedy procedure before filing the § 2241 petition).

**B. Petitioner's claim lacks merit.**

Regardless of whether Petitioner exhausted her administrative remedies, she is not entitled to relief under § 2241. Petitioner alleges that the BOP failed to give her credit for time she spent in "federal holding" from May 16, 2019, to January 13, 2020. (Doc. 1 at 3). In its motion, Respondent argues that Petitioner was a state prisoner serving a state sentence until her release from state custody on October 7, 2020. (Doc. 12 at 9). According to Respondent, Petitioner is seeking credit for time she spent on loan to federal authorities pursuant to a writ of *habeas corpus ad prosequendum*. (*Id*. at 11). And Respondent argues that a federal prisoner is not entitled to credit for such time because it has already been credited against her state sentence. (*Id*.). The Court agrees with Respondent.

The BOP is responsible for making determinations about an inmate's right to credit for time served. *United States v. Wilson,* 503 U.S. 329, 335 (1992). The calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585. Section 3585(a) provides that a defendant's sentence begins when she "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at the official detention facility at which the sentence is to be served." 18

6

U.S.C. § 3585(a). Section 3585(b) addresses when a defendant may receive credit for time "spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). It provides that credit "shall be given" for time spent in "official detention prior to the date the sentence commences—(1) as a result of the offense for which sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." *Id*.

It is well settled that a state inmate who is transferred to federal officials under a writ of *habeas corpus ad prosequendum* is simply on "loan" to answer the federal charges. *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980).[3] The inmate remains a state inmate. *See Butler v. Warden, FCC Coleman-Medium*, 451 F. App'x 811, 813 (11th Cir. 2011) (explaining that "when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus *ad prosequendum*, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence"). Thus, an inmate is "not entitled to credit against his federal sentence for time…spent in federal custody pursuant to…writs of habeas corpus *ad prosequendum*." *Powell v. Jordan*, 159 F. App'x 97, 100 (11th Cir. 2005). Nor

---

[3] Decisions of the former Fifth Circuit decided before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).

should an inmate receive credit for time spent serving a state sentence. *Id*.

In the current case, Respondent has provided the sworn declaration of Angela Kelly, a Correctional Programs Specialist at the Designation and Sentence Computation Center, to explain the background and computation of Petitioner's federal sentence. (Doc. 12-2). According to Ms. Kelly's declaration, Petitioner was arrested by Liberty County, Georgia authorities on November 20, 2018. (*Id*. at ¶ 3). She was held in Liberty County custody on state charges until she posted bond on January 28, 2019. (*Id*. at ¶¶ 3-4). At that time, she was transferred to Wayne County, Georgia to answer pending state probation violations. (*Id*. at ¶ 4). On March 6, 2019, the Wayne County court revoked Petitioner's probation and sentenced her to a 2-year, 5-month, and 19-day term of imprisonment in Case No. 13CR425, and it revoked in full her 865-day term of probation in Case No. 17CR175. (*Id*. at ¶ 5). While in state custody serving the Wayne County sentence, a federal grand jury in the Southern District of Georgia indicted Petitioner on May 7, 2019. (*Id*. at ¶ 6). On May 9, 2019, the Southern District of Georgia issued a writ of *habeas corpus ad prosequendum*. (*Id*. at ¶ 7). She was transferred to federal authorities under that writ on May 16, 2019. (*Id.*).

Petitioner ultimately pleaded guilty in federal court to possession with intent to distribute five grams or more of methamphetamine. On December 19, 2019, she was sentenced to 60 months' imprisonment on that charge. (*Id*. at ¶ 8). The judgment

from the Southern District of Georgia states that the federal sentence "shall be served concurrently with any sentence which may be imposed on the pending related state charges in Liberty County Superior Court Docket Number 18SUPR620, but consecutively to the undischarged terms of imprisonment currently being served based upon state probation revocations in Wayne County Superior Court Docket Numbers 13CR425 and 17CR175." (*Id*. at ¶ 8; *see* Doc. 569, Judgment, *United States v. Deanna Parker*, No. 4:19-CR-66, S.D. Ga.). Consistent with the judgment, federal officials returned Petitioner to state custody on January 9, 2020, with a detainer lodged for the 60-month federal sentence. (Doc. 12-2 at ¶ 9). On October 7, 2020, Petitioner satisfied her state sentence. (*Id*. at ¶ 11). She was released from state custody on that date and transferred to federal custody for the commencement of her 60-month sentence. (*Id*.).

The BOP awarded Petitioner 106 days of credit for the period of November 20, 2018, to March 5, 2019. (*Id*. at ¶14). During that time, Petitioner was in the primary custody of the state on charges out of Liberty County, Georgia. (*Id*. at ¶¶ 10-14). Those charges were subsequently dismissed, and that time was not credited to Petitioner's state sentence. (*Id*.) Thus, it was credited against her federal sentence. (*Id*.) The BOP did not, however, give Petitioner credit for May 16, 2019, through January 9, 2020, because she was not in exclusive federal custody at that time. (*Id*. at ¶ 15). Rather, the BOP concluded that she was serving her state sentence at that

9

time and was borrowed from the state under a writ of *habeas corpus ad prosequendum*. (*Id*.). The BOP determined that Petitioner remained in state custody until completing her state sentence on October 7, 2020. (*Id*. at ¶ 16). It was then, according to BOP, that her federal sentenced commenced. (*Id*.).

After reviewing the record and the applicable law, the Court finds no error in the BOP's determination that Petitioner is not entitled to credit for the time spent in custody from May 16, 2019, to January 9, 2020. During that time, Petitioner was a state inmate serving a state sentence. She was on loan to the federal authorities under a writ of *habeas corpus ad prosequendum*. As dictated by the precedent cited above, Petitioner is not entitled to credit against her federal sentence for that time because it was credited against her state sentence. Petitioner, therefore, is not entitled to the relief she seeks under 28 U.S.C. § 2241.

## II.   Conclusion

Petitioner's § 2241 petition fails for two reasons. First, she did not exhaust available administrative remedies. Second, even if Petitioner had exhausted administrative remedies her claim would lack merit because the BOP did not err by failing to award credit for the period of May 16, 2019, to January 13, 2020. Accordingly, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's Motion to Dismiss (Doc. 12) be **GRANTED**.

2. The petition for writ of *habeas corpus* under § 2241 (Doc. 1) be **DENIED** and this action be **DISMISSED.**

3. The Clerk of Court be directed to close the file.

At Pensacola, Florida, this 21st day of July 2022.

s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## NOTICE TO THE PARTIES

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters. *See* **N.D. Fla. Loc. R. 72.2(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**